Mark E. Goldsmith - State Bar No. 127701
Robert M. Churella - State Bar No. 73319
KIRTLAND & PACKARD LLP
2361 Rosecrans Avenue
Fourth Floor
El Segundo, California  90245
Telephone: (310) 536-1000
Facsimile: (310) 536-1001

Attorneys for Defendant TULE RIVER
TRIBAL COUNCIL, d.b.a. EAGLE
MOUNTAIN CASINO

LAW OFFICES
KIRTLAND & PACKARD LLP

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERLINDA RUELAS, | ) Case No. |
| Plaintiff, | ) **NOTICE OF REMOVAL OF ACTION** |
| v. | ) **UNDER 28 U.S.C. § 1441(b)**<br>) **(FEDERAL QUESTION)** |
| EAGLE MOUNTAIN CASINO, EAGLE<br>MOUNTAIN CASINO CORPORATION;<br>JOSE VILLALOBOS; and DOES 1 through<br>100, Inclusive, | )<br>)<br>) |
| Defendants. | ) |
| | ) Case Filed: October 18, 2005 |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Tule River Tribal Council, doing

business as Eagle Mountain Casino and erroneously sued herein as EAGLE MOUNTAIN

CASINO and EAGLE MOUNTAIN CASINO CORPORATION, hereby removes to this

Court the state court action described below.

## **JURISDICTION**

1.      This action is a civil action of which this Court has original jurisdiction under

28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants

pursuant to the provisions of 28 U.S.C. § 1441(b) in that it involves an issue of federal

law as to the sovereign immunity of a federally recognized Indian Tribe, its Tribal Council

and its agents and employees acting within the scope of their authority, *see, e.g., Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754, 118 S.Ct. 1700, 1702 (1998) ("As a matter of federal law, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity").

## <u>VENUE</u>

2.      Venue is proper in the Fresno Division of the United States District Court for the Eastern District of California, as the acts alleged in the Complaint occurred on the Tule River Indian Reservation which is located in Tulare County, California.  L.R. 3-120(b).

## <u>FACTS SUPPORTING REMOVAL</u>

3.      On or about October 18, 2005, an action was commenced in the Superior Court of the State of California for the County of Tulare, entitled "Herlinda Ruelos, Plaintiff, vs. Eagle Mountain Casino; Eagle Mountain Casino Corporation; Jose Villalobos and Does 1 through 100, Inclusive, Defendants," as Case No. 05-216554.  A copy of the Superior Court's file is attached hereto as Exhibit "A".  A First Amended Complaint was filed on December 16, 2005.

4.      The date upon which defendant Tule River Tribal Council first received notice of the action was January 6, 2006, when a process server handed two Summons, one addressed to Eagle Mountain Casino Corporation and the other to Eagle Mountain Casino, each with an attached copy of the First Amended Complaint from the State court action, to a receptionist after the 5:00 P.M. close of business.  Defendant does not concede that this was proper service.  Copies of the two Summons are attached hereto as Exhibit "B".

5.      Defendant TULE RIVER TRIBAL COUNCIL is the duly elected governing body of the Tule River Indian Tribe, which is a federally recognized Indian tribe.

5.      All named Defendants who are known to have been served in this action jointly file this Notice of Removal.  Nominal Defendants EAGLE MOUNTAIN CASINO and EAGLE MOUNTAIN CASINO CORPORATION are not a separate legal entities.  Eagle

LAW OFFICES
KIRTLAND & PACKARD LLP

1   Mountain Casino is a name under which Defendant Tule River Tribal Council does

2   business.  There is no entity known as Eagle Mountain Casino Corporation, as the casino

3   has never been incorporated.

4   DATED: February 3, 2006                    KIRTLAND & PACKARD LLP

5

6                                     By:     /s/Robert M. Churella

                                              ROBERT M. CHURELLA, ESQ.
7                                             Attorneys for TULE RIVER TRIBAL COUNCIL,
                                              d.b.a. EAGLE MOUNTAIN CASINO
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
KIRTLAND & PACKARD LLP

Exhibit "A"

1 MARCUS A. MANCINI, ESQ. (State Bar No. 146905)
CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2 MANCINI & ASSOCIATES
A Professional Law Corporation
3 15303 Ventura Blvd., Suite 600
Sherman Oaks, CA 91403
4
Phone (818) 783-5757
5 Fax    (818) 783-7710
6 Attorneys for Plaintiff **HERLINDA RUELAS**

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

2005

AMANDA CLERK, CLERK

By _Nicole Susano_

SUMMONS ISSUED

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF TULARE

10

11 HERLINDA RUELAS,                          ) CASE NO.  **0 5 - 2 1 6 5 5 4**
                                            )
12          Plaintiff,                       )
                                            ) **COMPLAINT FOR DAMAGES:**
13       vs.                                 )
                                            ) **(1)   SEXUAL HARASSMENT,**
14 EAGLE MOUNTAIN CASINO;                    )       **RETALIATION AND**
   EAGLE MOUNTAIN CASINO                     )       **DISCRIMINATION IN**
15 CORPORATION;                              )       **VIOLATION OF CALIFORNIA**
   JOSE VILLALOBOS;                          )       **GOVERNMENT CODE §12940**
16 and DOES 1 through 100, Inclusive,        )       **ET SEQ.**
                                            )       **(FAIR EMPLOYMENT &**
17       Defendants.                         )       **HOUSING ACT);**
                                            )
18                                           ) **(2)   RETALIATION AND**
                                            )       **WRONGFUL TERMINATION**
19                                           )       **IN VIOLATION OF PUBLIC**
                                            )       **POLICY.**
20                                           )
                                            )
21                                           )
                                            )       **JURY TRIAL DEMANDED**
22                                           )
                                            )
23                                           )
                                            )
24                                           )
                                            )
25

26     **COMES NOW** Plaintiff **HERLINDA RUELAS,** (hereinafter referred to as "RUELAS"

27 or "PLAINTIFF") and complains against the above-named Defendants and for causes of action

28 against the Defendants, and each of them, as follows:

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# I.

## FIRST CAUSE OF ACTION

### (For Sexual Harassment, Discrimination and Retaliation in Employment
### [California Government Code §12940]
### Against All Defendants and DOES 1 Through 100, Inclusive)

1.      At all times mentioned herein, RUELAS, was, and now is, an individual residing in the County of Tulare, State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant EAGLE MOUNTAIN CASINO (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Tulare, State of California.

3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant EAGLE MOUNTAIN CASINO CORPORATION (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Tulare, State of California.

4.      At all times mentioned herein, Defendant JOSE VILLALOBOS (hereinafter referred to as "VILLALOBOS" and collectively with all other Defendants as "Defendants") was, and now is, an individual residing in the County of Tulare, State of California, and was an Employee of Defendants, and each of them, and DOES 1-100.

5.      Defendants EAGLE MOUNTAIN CASINO and EAGLE MOUNTAIN CASINO CORPORATION and DOES 1-100, and each of them, are valid businesses of form unknown duly organized and existing under the laws of the State of California including but not limited to, compact(s) between the State of California and the Tule River Tribal Council, which compact(s) have been breached by the failure to provide Plaintiff, an employee of Defendants, and each of them, equal protections afforded employees under California law and, specifically, the Fair Employment and Housing Act.

2

6.      Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

7.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

8.      At all times herein mentioned, for approximately eight years until her wrongful termination on or about October 19, 2004, Plaintiff was employed by Defendants, and each of them, as a casino card and game dealer.

9.      Beginning in or around August 2004 and lasting through the present time, and continuing, Defendants, and each of them, harassed, discriminated and retaliated against Plaintiff RUELAS in a continuous, constant, severe and pervasive manner, on the basis of her gender and sex, female, and because she complained and protested about the sexual harassment, discrimination and retaliation by the following constant and continuous barrage of actions and conduct, among others:

a.      In or around August 2004, Plaintiff began to be approached by four male customers and patrons of the Casino, asking Plaintiff questions of a sexual nature and whether she would go out and/or have sex with them. Plaintiff discovered that it was fellow card dealer Defendant JOSE VILLALOBOS that had told these customers and patrons that Plaintiff was single and would

engage in sex with them;

b.    On or about September 1, 2004, Plaintiff submitted an incident report to Defendants, and each of them;

c.    Plaintiff's immediate supervisor, Assistant Manager of Table Games JUANA FOCKET, asked Plaintiff to get the customers' personal information including names and telephone numbers.  Plaintiff expressed to FOCKET that this would prove embarrassing to Plaintiff, to approach customers;

d.    On or about September 6, 2005, Human Resources Director Stephanie Gibson wrote to Plaintiff, explaining that without an eyewitness account, it was no more than Plaintiffs' version of events versus VILLALOBOS' version;

e.    On or about September 8, 2004, Assistant Manager of Table Games JUANA FOCKET interviewed customer Sergio Gonzalez who corroborated Plaintiff's complaints of sexual harassment.  Nonetheless, Management decided to adopt exactly the opposite of what the customer said, i.e., that nothing had happened;

f.    Incredibly, Plaintiff was then asked to change shifts from the one that VILLALOBOS was on;

g.    On September 17, 2004, Plaintiff submitted yet another incident report requesting help and assistance;

h.    On October 7, 2004, Plaintiff met with Assistant Manager of Table Games JUANA FOCKET and Nicola Larsen and complained about the sexual harassment and the investigation;

i.    On October 8, 2004, Plaintiff met with Manager of Table Games CLINT GIBSON and complained about the sexual harassment and the investigation;

j.    On October 11, 2004, Plaintiff met once again with Manager of Table Games CLINT GIBSON and complained about the sexual harassment and the investigation.  GIBSON warned and reprimanded Plaintiff that this incident was "hearsay" and "should be dropped;"

k.    On or about October 12, 2004, Plaintiff wrote to General Manager Tom Stewart detailing what had occurred, the contacts with Management and Human Resources, and complaining about the investigation and the fact that Plaintiff was made to change shifts instead of VILLALOBOS;

4

1        1.    On October 19, 2004, Plaintiff was terminated by Manager of Table Games CLINT

2   GIBSON because Plaintiff did not drop her sexual harassment complaint and because it "disrupted

3   the department."

4        10.    Beginning in or around August 2004 and lasting continuously at least through

5   October 19, 2004, and continuing, Defendants, and DOES 1-100, and each of them, while acting in

6   the course and scope of their employment with Defendants and DOES 1-100, and in carrying out

7   the policies and practices of Defendants and DOES 1-100, failed to properly implement policies,

8   practices, and procedures to investigate sexual harassment, failed to investigate sexual harassment,

9   failed to stop prevent the hostile atmosphere, failed to provide a neutral party for employees to

10  complain to without fear of retaliation and retribution.

11       11.    By the acts and conduct described above, Defendants, and each of them, in violation

12  of said statutes, knew about, or should have known about, and failed to prevent or remedy the

13  gender and sex discrimination, retaliation and harassment. The acts of discrimination, harassment

14  and retaliation described herein were sufficiently pervasive and/or severe so as to alter the

15  conditions of employment, and created an abusive and hostile working environment. When

16  Plaintiff was terminated, it was solely because Defendants refused to act upon her complaints of

17  discrimination, harassment and retaliation.

18       12.    Plaintiff filed  timely charges and complaints of sexual harassment, discrimination

19  and retaliation with the California Department of Fair Employment and Housing pursuant to

20  California Government Code § 12965(b), permitting Plaintiff to bring this legal action.  Plaintiff

21  has therefore exhausted her administrative remedies under the California Government Code.  Said

22  Complaints are attached hereto and incorporated herein as Exhibit "A."  When Plaintiff receives

23  her Notices of Right to Sue from the Department of Fair Employment and Housing, she will amend

24  this complaint to include same.

25       13.    By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has

26  been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333

27  including, but not limited to, loss of earnings and future earning capacity, medical and related

28  expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when

PLAINTIFF'S COMPLAINT FOR DAMAGES

ascertained.

14.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the Plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

15.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that she will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

16.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents has been unable to engage fully in her occupation, and is informed and believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform her usual work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of earnings at the time of trial.

17.     As a further direct and legal result of the acts and conduct of Defendants, as aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to Plaintiff, who will pray leave of court to assert the same when they are ascertained.

18.     Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

19.     The aforementioned acts of Defendants, and each of them, were wilful, wanton, malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees of Defendants and DOES 1 through 100, and each of them, and with the express knowledge, consent, and ratification of managerial agents and employees of Defendants and DOES 1 through 100, and each of them,  thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

20.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code § 12965(b).

## II.

## SECOND CAUSE OF ACTION

### (For Retaliation and Wrongful Termination in Violation of Public Policy Against All Defendants and DOES 1 Through 100, Inclusive)

21.     Plaintiff incorporates herein by reference Paragraphs 1 through 20 of this Complaint as though set forth in full herein.

22.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 et seq., was to prohibit employers from harassing, discriminating and retaliating against any individual on the grounds of their sex or opposing said unlawful practices.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well being of the community at large.  Accordingly, the actions of Defendants, and each of them, in retaliating and terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §§12940 et seq., and the laws and regulations promulgated thereunder.

/ / /

7

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

23.     As a direct result of the discriminatory, harassing and retaliatory acts, as hereinbefore alleged, by Defendants, and each of them, Plaintiff was terminated. The discriminatory acts as hereinbefore alleged, by Defendants, and each of them, and Plaintiff's termination were violative of public policy. Defendants, and each of them, knew or reasonably should have known of the intolerable discriminatory acts and conditions and of their impact on and other employees similarly situated and could have remedied the situation.

24.     By the aforesaid acts and conduct of Defendants, and each of them, has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary loss not presently ascertained, for which plaintiff will seek leave of court to amend when ascertained.

25.     As a direct and legal result of the acts and omissions of Defendants, and each of them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and externally, and suffered, among other things, numerous internal injuries, severe fright, shock, pain, discomfort and anxiety. The exact nature and extent of said injuries are not known to the plaintiff, who will pray leave of court to insert the same when they are ascertained. Plaintiff does not at this time know the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent in character.

26.     As a further legal result of the acts and omissions of the Defendants, and each of them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an amount which is at present unknown. Plaintiff will pray leave of court to show the exact amount of said expenses at the time of trial.

27.     Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is informed and believes, and thereon alleges, that he will be incapacitated and unable to perform Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  amount which is at present unascertained.. Plaintiff will pray leave of court to show the total
2  amount of loss of earnings at the time of trial.

3        28.    As a further direct and legal result of the acts and conduct of Defendants, as
4  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
5  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
6  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to
7  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

8        29.    Plaintiff has been generally damaged in an amount within the jurisdictional limits of
9  this court.

10        30.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,
11  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
12  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees of
13  Defendants and DOES 1 through 100, and with the express knowledge, consent, and ratification of
14  managerial agents and employees of Defendants and DOES 1 through 100, thereby justifying the
15  awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

16  / / /
17  / / /
18  / / /
19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

31.   As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure § 1021.5.

**WHEREFORE**, Plaintiff **HERLINDA RUELAS**, prays for judgment against the Defendants, and each of them, as follows:

1.   For general damages in an amount within the jurisdictional limits of this Court;

2.   For medical expenses and related items of expense, according to proof;

3.   For loss of earnings, according to proof;

4.   For loss of earning capacity, according to proof;

5.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.   For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.   For prejudgment interest according to proof;

8.   For punitive and exemplary damages, according to proof;

9.   For costs of suit incurred herein; and

10.   For such other and further relief as the court may deem just and proper.

Dated: October 18, 2005

MANCINI & ASSOCIATES
A Professional Law Corporation

By: _____
MARCUS A. MANCINI, ESQ.
Attorneys for Plaintiff
**HERLINDA RUELAS**

10

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*EXHIBIT "A"*

**\* \* \* EMPLOYMENT \* \* \*** COPY

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # _____   NOT FOR SERVICE
DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| HERLINDA RUELAS | (818) 783-5757 |

ADDRESS
c/o Mancini & Associates  15303 Ventura Boulevard  Suite 600

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sherman Oaks, CA  91403 | Los Angeles | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP
COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| EAGLE MOUNTAIN CASINO CORPORATION/JOSE VILLALOBOS | (559) 788-6220 |

ADDRESS
P.O. Box 1659
DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Porterville, CA  93258 | Tulare | |

| NO. OF EMPLOYEES/MEMBERS (If known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 500+ | 10/19/04 and continuing | |

THE PARTICULARS ARE:

On 8/26/04 and continuing  I was  X  fired

| | | |
|---|---|---|
| X fired | X denied employment | ___ denied family or medical leave |
| ___ laid off | ___ denied promotion | ___ denied pregnancy leave |
| ___ demoted | ___ denied transfer | ___ denied equal pay |
| X harassed | ___ denied accommodation | ___ denied right to wear pants |
| ___ genetic characteristics testing | ___ impermissible non-job-related inquiry | ___ denied pregnancy accommodation |
| ___ forced to quit | X other (specify) retaliated against; discriminated against |

by STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.Table Games
Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my:  X sex   ___ national origin/ancestry   ___ physical disability   ___ cancer   X (Circle one) filing;
___ age   ___ marital status   ___ mental disability   ___ genetic characteristic   (protesting; participating in
___ religion   ___ sexual orientation   investigation) retaliation for)
___ race/color   ___ association   other (specify) _____

the reason given by  STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.TableGames
Name of Person and Job Title

Was because of
[please state
what you believe
to be reason(s)]

I was disruptive,I was sexually harassed and complained and I was further harassed,discriminated
against,retaliated against and then terminated.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 10/14/04

_____
COMPLAINANT'S SIGNATURE

at Sherman Oaks, CA
City

DATE FILED:
Received
10/14/05

COPY

Legal
Solutions

EH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 370-2005-00986 |

## California Department Of Fair Employment & Housing

State or local Agency, if any  and EEOC

| (Indicate Mr., Ms., Mrs.) Herlinda Ruelas | Home Phone No. (Incl Area Code) (559) 791-1167 | Date of Birth |
|---|---|---|

Address **34 Road 284 Porterville, CA 93257**  City, State and ZIP Code

...ad is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe ...criminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name **...GLE MOUNTAIN CASINO** | No. Employees, Members **201 - 500** | Phone No. (Include Area Code) **(559) 788-6220** |
|---|---|---|

Address **...t Office Box 1659, Porterville, CA 93258**  City, State and ZIP Code

| | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Address  City, State and ZIP Code

| DISCRIMINATION BASED ON (Check appropriate box(es).) | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| | | Earliest  Latest **10-19-2004** |
| ☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN | | |
| ☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (Specify below.) | | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

...as hired by Respondent in January 1998. My most recent job title was Card Dealer. On August 26, ...04, I became aware that Jose Villalobos (Card Dealer) was spreading rumors of a sexual nature about ... I complained of sexual harassment to Human Resources on August 30, 2004. On October 19, 2004, ...as terminated.

...spondent's stated reason for the termination was disruptive behavior.

...elieve that I have been discriminated against because of my sex, female, and retaliated against for ...gaging in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

**RECEIVED**

**MAR 0 1 2005**

**EEOC-SFDO**

| ... this charge filed with both the EEOC and the State or local Agency, if any. I will ... the agencies if I change my address or phone number and I will cooperate fully ...hem in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| ...are under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **2-15-05** Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# EXHIBIT "B"

DEPARTMENT OF FAIR EMPLOYMENT & HOUSING



Y # (800) 700-2320

1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

811 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

121 Spear Street, Suite 430
San Francisco, CA 94105
(415) 904-2300

111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

E E O C  NUMBER : 370~2005-00986

CASE NAME :  HERLINDA RUELAS   v.
EAGLE MOUNTAIN CASINO

DATE :  March 2, 2005

### NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

**Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.**

Sincerely,

WANDA J. KIRBY
Deputy Director
Enforcement Division

DFEH-200-02 (01/04)

PRIVACY ACT STATEMENT: Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. FORM NUMBER/TITLE/DATE. EEOC Form 5, Charge of Discrimination (5/01).

2. AUTHORITY. 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117.

3. PRINCIPAL PURPOSES. The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. ROUTINE USES. This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION. Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII or the ADA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please notify EEOC or the state or local agency where you filed your charge if retaliation is taken against you or others who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

1  MARCUS A. MANCINI, ESQ. (State Bar No. 146905)
   CHRISTOPHER BARNES, ESQ. (State Bar No. 206186)
2  MANCINI & ASSOCIATES
   A Professional Law Corporation
3  15303 Ventura Blvd., Suite 600
   Sherman Oaks, CA 91403
4
   Phone (818) 783-5757
5  Fax    (818) 783-7710
6  Attorneys for Plaintiff **HERLINDA RUELAS**

FILED
TULARE COUNTY SUPERIOR COURT
VISALIA DIVISION

DEC 16 2005

LARAYNE CLERK, CLERK
BY

SUMMONS ISSUED

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         FOR THE COUNTY OF TULARE

10

11  HERLINDA RUELAS,                    )   **CASE NO. 05-216554**
                                        )
12          Plaintiff,                  )
                                        )
13      *vs.*                           )   **FIRST AMENDED COMPLAINT FOR**
                                        )   **DAMAGES:**
14  EAGLE MOUNTAIN CASINO;              )
    EAGLE MOUNTAIN CASINO               )   **(1)    SEXUAL HARASSMENT,**
15  CORPORATION;                        )   **RETALIATION AND**
    JOSE VILLALOBOS;                    )   **DISCRIMINATION IN**
16  and DOES 1 through 100, Inclusive,  )   **VIOLATION OF CALIFORNIA**
                                        )   **GOVERNMENT CODE §12940**
17          Defendants.                 )   **ET SEQ.**
                                        )   **(FAIR EMPLOYMENT &**
18                                      )   **HOUSING ACT);**
                                        )
19                                      )   **(2)    RETALIATION AND**
                                        )   **WRONGFUL TERMINATION**
20                                      )   **IN VIOLATION OF PUBLIC**
                                        )   **POLICY.**
21                                      )
                                        )
22                                      )   **JURY TRIAL DEMANDED**
                                        )
23                                      )
                                        )
24                                      )

25

26        **COMES NOW** Plaintiff **HERLINDA RUELAS**, (hereinafter referred to as "**RUELAS**"

27  or "PLAINTIFF") and complains against the above-named Defendants and for causes of action

28  against the Defendants, and each of them, as follows:

1

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

# I.

## FIRST CAUSE OF ACTION

### (For Sexual Harassment, Discrimination and Retaliation in Employment

### [California Government Code §12940]

### Against All Defendants and DOES 1 Through 100, Inclusive)

1.      At all times mentioned herein, RUELAS, was, and now is, an individual residing in the County of Tulare, State of California.

2.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant EAGLE MOUNTAIN CASINO (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Tulare, State of California.

3.      Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Defendant EAGLE MOUNTAIN CASINO CORPORATION (hereinafter referred to collectively with all other Defendants as "Defendants") were, and now are, valid businesses of form unknown duly organized and existing under the laws of the State of California, having its principal place of business in the County of Tulare, State of California.

4.      At all times mentioned herein, Defendant JOSE VILLALOBOS (hereinafter referred to as "VILLALOBOS" and collectively with all other Defendants as "Defendants") was, and now is, an individual residing in the County of Tulare, State of California, and was an Employee of Defendants, and each of them, and DOES 1-100.

5.      Defendants EAGLE MOUNTAIN CASINO and EAGLE MOUNTAIN CASINO CORPORATION and DOES 1-100, and each of them, are valid businesses of form unknown duly organized and existing under the laws of the State of California including but not limited to, compact(s) between the State of California and the Tule River Tribal Council, which compact(s) have been breached by the failure to provide Plaintiff, an employee of Defendants, and each of them, equal protections afforded employees under California law and, specifically, the Fair Employment and Housing Act.

2

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

6.    Plaintiff is ignorant of the true names and capacities, whether corporate, associate, individual or otherwise, of Defendants sued herein as DOES 1 - 100, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

7.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, each Defendant designated, including DOES 1-100, herein was the agent, managing agent, principal, owner, partner, joint venturer, representative, supervisor, manager, servant, employee and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and consent of each Defendant designated herein.

8.    At all times herein mentioned, for approximately eight years until her wrongful termination on or about October 19, 2004, Plaintiff was employed by Defendants, and each of them, as a casino card and game dealer.

9.    Beginning in or around August 2004 and lasting through the present time, and continuing, Defendants, and each of them, harassed, discriminated and retaliated against Plaintiff **RUELAS** in a continuous, constant, severe and pervasive manner, on the basis of her gender and sex, female, and because she complained and protested about the sexual harassment, discrimination and retaliation by the following constant and continuous barrage of actions and conduct, among others:

a.    In or around August 2004, Plaintiff began to be approached by four male customers and patrons of the Casino, asking Plaintiff questions of a sexual nature and whether she would go out and/or have sex with them.  Plaintiff discovered that it was fellow card dealer Defendant JOSE VILLALOBOS that had told these customers and patrons that Plaintiff was single and

3

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1  would engage in sex with them;

2      b.      On or about September 1, 2004, Plaintiff submitted an incident report to

3  Defendants, and each of them;

4      c.      Plaintiff's immediate supervisor, Assistant Manager of Table Games JUANA

5  FOCKET, asked Plaintiff to get the customers' personal information including names and

6  telephone numbers.  Plaintiff expressed to FOCKET that this would prove embarrassing to

7  Plaintiff, to approach customers;

8      d.      On or about September 6, 2005, Human Resources Director Stephanie Gibson

9  wrote to Plaintiff, explaining that without an eyewitness account, it was no more than Plaintiffs'

10  version of events versus VILLALOBOS' version;

11      e.      On or about September 8, 2004, Assistant Manager of Table Games JUANA

12  FOCKET interviewed customer Sergio Gonzalez who corroborated Plaintiff's complaints of

13  sexual harassment.  Nonetheless, Management decided to adopt exactly the opposite of what the

14  customer said, i.e., that nothing had happened;

15      f.      Incredibly, Plaintiff was then asked to change shifts from the one that

16  VILLALOBOS was on;

17      g.      On September 17, 2004, Plaintiff submitted yet another incident report requesting

18  help and assistance;

19      h.      On October 7, 2004, Plaintiff met with Assistant Manager of Table Games JUANA

20  FOCKET and Nicola Larsen and complained about the sexual harassment and the investigation;

21      i.      On October 8, 2004, Plaintiff met with Manager of Table Games CLINT GIBSON

22  and complained about the sexual harassment and the investigation;

23      j.      On October 11, 2004, Plaintiff met once again with Manager of Table Games

24  CLINT GIBSON and complained about the sexual harassment and the investigation.  GIBSON

25  warned and reprimanded Plaintiff that this incident was "hearsay" and "should be dropped;"

26      k.      On or about October 12, 2004, Plaintiff wrote to General Manager Tom Stewart

27  detailing what had occurred, the contacts with Management and Human Resources, and

28  complaining about the investigation and the fact that Plaintiff was made to change shifts instead

4

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

of VILLALOBOS;

1.      On October 19, 2004, Plaintiff was terminated by Manager of Table Games CLINT GIBSON because Plaintiff did not drop her sexual harassment complaint and because it "disrupted the department."

10.     Beginning in or around August 2004 and lasting continuously at least through October 19, 2004, and continuing, Defendants, and DOES 1-100, and each of them, while acting in the course and scope of their employment with Defendants and DOES 1-100, and in carrying out the policies and practices of Defendants and DOES 1-100, failed to properly implement policies, practices, and procedures to investigate sexual harassment, failed to investigate sexual harassment, failed to stop prevent the hostile atmosphere, failed to provide a neutral party for employees to complain to without fear of retaliation and retribution.

11.     By the acts and conduct described above, Defendants, and each of them, in violation of said statutes, knew about, or should have known about, and failed to prevent or remedy the gender and sex discrimination, retaliation and harassment.  The acts of discrimination, harassment and retaliation described herein were sufficiently pervasive and/or severe so as to alter the conditions of employment, and created an abusive and hostile working environment.  When Plaintiff was terminated, it was solely because Defendants refused to act upon her complaints of discrimination, harassment and retaliation.

12.     Plaintiff filed  timely charges and complaints of sexual harassment, discrimination and retaliation with the California Department of Fair Employment and Housing pursuant to California Government Code § 12965(b), permitting Plaintiff to bring this legal action.   Plaintiff has therefore exhausted her administrative remedies under the California Government Code. Attached hereto and incorporated herein as Exhibit "A" are said Complaints and by reference hereto are made a part hereof.  Attached hereto and incorporated herein as Exhibit "B" are said Notices of Right to Sue and by reference hereto are made a part hereof.

13.     By the aforesaid acts and conduct of Defendants, and each of them, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333 including, but not limited to, loss of earnings and future earning capacity, medical and related

5

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1    expenses for care and procedures both now and in the future, attorneys fees, and other pecuniary

2    loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when

3    ascertained.

4          14.    As a direct and legal result of the acts and omissions of Defendants, and each of

5    them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and

6    externally, and suffered, among other things, numerous internal injuries, severe fright, shock,

7    pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the

8    Plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does

9    not at this time know the exact duration or permanence of said injuries, but is informed and

10   believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent

11   in character.

12         15.    As a further legal result of the acts and omissions of the Defendants, and each of

13   them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs

14   during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that

15   she will in the future be forced to incur additional expenses of the same nature, all in an amount

16   which is at present unknown.  Plaintiff will pray leave of court to show the exact amount of said

17   expenses at the time of trial.

18         16.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

19   since said incidents has been unable to engage fully in her occupation, and is informed and

20   believes, and thereon alleges, that Plaintiff will be incapacitated and unable to perform her usual

21   work for an indefinite period of time in the future, all to Plaintiff's damage in an amount which is

22   at present unascertained.  Plaintiff will pray leave of court to show the total amount of loss of

23   earnings at the time of trial.

24         17.    As a further direct and legal result of the acts and conduct of Defendants, as

25   aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent

26   emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,

27   discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to

28   Plaintiff, who will pray leave of court to assert the same when they are ascertained.

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1       18.    Plaintiff has been generally damaged in an amount within the jurisdictional limits

2   of this court.

3       19.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,

4   malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard

5   of the rights, welfare and safety of Plaintiff, and were done by managerial agents and employees

6   of Defendants and DOES 1 through 100, and each of them, and with the express knowledge,

7   consent, and ratification of managerial agents and employees of Defendants and DOES 1 through

8   100, and each of them,  thereby justifying the awarding of punitive and exemplary damages in an

9   amount to be determined at the time of trial.

10       20.    As a result of the discriminatory acts of Defendants, and each of them, as alleged

11   herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically

12   provided in California Government Code § 12965(b).

13

14   **II.**

15   **SECOND CAUSE OF ACTION**

16   **(For Retaliation and Wrongful Termination in Violation of Public Policy**

17   **Against All Defendants and DOES 1 Through 100, Inclusive)**

18       21.    Plaintiff incorporates herein by reference Paragraphs 1 through 20 of this

19   Complaint as though set forth in full herein.

20       22.    At all times herein mentioned, the public policy of the State of California, as

21   codified, expressed and mandated in California Government Code §12940 et seq., was to prohibit

22   employers from harassing, discriminating and retaliating against any individual on the grounds of

23   their sex or opposing said unlawful practices.  This public policy of the State of California is

24   designed to protect all employees and to promote the welfare and well being of the community at

25   large.  Accordingly, the actions of Defendants, and each of them, in retaliating and terminating

26   Plaintiff on the grounds alleged and described herein were wrongful and in contravention and

27   violation of the express public policy of the State of California, to wit, the policy set forth in

28   California Government Code §§12940 et seq., and the laws and regulations promulgated

7

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1  thereunder.

2      23.    As a direct result of the discriminatory, harassing and retaliatory acts, as
3  hereinbefore alleged, by Defendants, and each of them, Plaintiff was terminated.  The
4  discriminatory acts as hereinbefore alleged, by Defendants, and each of them, and Plaintiff's
5  termination were violative of public policy.  Defendants, and each of them, knew or reasonably
6  should have known of the intolerable discriminatory acts and conditions and of their impact on
7  and other employees similarly situated and could have remedied the situation.

8      24.    By the aforesaid acts and conduct of Defendants, and each of them, has been
9  directly and legally caused to suffer actual damages pursuant to California Civil Code § 3333
10 including, but not limited to, loss of earnings and future earning capacity, medical and related
11 expenses for care and procedures both now and in the future, attorney's fees, and other pecuniary
12 loss not presently ascertained, for which plaintiff will seek leave of court to amend when
13 ascertained.

14     25.    As a direct and legal result of the acts and omissions of Defendants, and each of
15 them, Plaintiff was rendered sick, sore, lame, disabled and disordered, both internally and
16 externally, and suffered, among other things, numerous internal injuries, severe fright, shock,
17 pain, discomfort and anxiety.  The exact nature and extent of said injuries are not known to the
18 plaintiff, who will pray leave of court to insert the same when they are ascertained.  Plaintiff does
19 not at this time know the exact duration or permanence of said injuries, but is informed and
20 believes, and thereon alleges, that some of the said injuries are reasonably certain to be permanent
21 in character.

22     26.    As a further legal result of the acts and omissions of the Defendants, and each of
23 them, Plaintiff has been forced to incur expenses for medical care, X-rays, and laboratory costs
24 during the period of Plaintiff's disability, and is informed and believes, and thereon alleges, that
25 Plaintiff will in the future be forced to incur additional expenses of the same nature, all in an
26 amount which is at present unknown.  Plaintiff will pray leave of court to show the exact amount
27 of said expenses at the time of trial.

28     27.    Prior to the occurrence of the incidents, Plaintiff was an able-bodied individual, but

8

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

1  since said incidents Plaintiff has been unable to engage fully in Plaintiff's occupation, and is
2  informed and believes, and thereon alleges, that he will be incapacitated and unable to perform
3  Plaintiff's usual work for an indefinite period of time in the future, all to Plaintiff's damage in an
4  amount which is at present unascertained.. Plaintiff will pray leave of court to show the total
5  amount of loss of earnings at the time of trial.

6      28.    As a further direct and legal result of the acts and conduct of Defendants, as
7  aforesaid, Plaintiff has been caused, and did suffer, and continues to suffer severe and permanent
8  emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain,
9  discomfort and anxiety.  The exact nature and extent of said injuries is presently unknown to
10  Plaintiff, who will pray leave of court to assert the same when they are ascertained.

11      29.    Plaintiff has been generally damaged in an amount within the jurisdictional limits
12  of this court.

13      30.    The aforementioned acts of Defendants, and each of them, were wilful, wanton,
14  malicious, intentional, oppressive and despicable and were done in wilful and conscious disregard
15  of the rights, welfare and safety of plaintiff, and were done by managerial agents and employees
16  of Defendants and DOES 1 through 100, and with the express knowledge, consent, and
17  ratification of managerial agents and employees of Defendants and DOES 1 through 100, thereby
18  justifying the awarding of punitive and exemplary damages in an amount to be determined at the
19  time of trial.

20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /
  / / /

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

31.     As a result of the discriminatory acts of Defendants, and each of them, as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of said suit as specifically provided in California Code Of Civil Procedure § 1021.5.

**WHEREFORE, Plaintiff HERLINDA RUELAS,** prays for judgment against the Defendants, and each of them, as follows:

1.     For general damages in an amount within the jurisdictional limits of this Court;

2.     For medical expenses and related items of expense, according to proof;

3.     For loss of earnings, according to proof;

4.     For loss of earning capacity, according to proof;

5.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Government Code §12965 (b), according to proof;

6.     For reasonable attorneys' fees and costs of said suit as specifically provided in California Code of Civil Procedure §1021.5, according to proof;

7.     For prejudgment interest according to proof;

8.     For punitive and exemplary damages, according to proof;

9.     For costs of suit incurred herein; and

10.     For such other and further relief as the court may deem just and proper.


Dated: December 14, 2005                    MANCINI & ASSOCIATES
                                            A Professional Law Corporation



                                            By: _____, Esq
                                                MARCUS A. MANCINI, ESQ.
                                                Attorneys for Plaintiff
                                                **HERLINDA RUELAS**

10

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

**\* \* \* EMPLOYMENT \* \*** COPY

COMPLAINT OF DISCRIMINATION UNDER         DFEH # ~~NOT FOR SERVICE~~
THE PROVISIONS OF THE CALIFORNIA                              DFEH USE ONLY
FAIR EMPLOYMENT AND HOUSING ACT

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

YOUR NAME (indicate Mr. or Ms.)        TELEPHONE NUMBER (INCLUDE AREA CODE)
HERLINDA RUELAS        (818)783-5757
ADDRESS
c/o Mancini & Associates  15303 Ventura Boulevard  Suite 600
CITY/STATE/ZIP      COUNTY      COUNTY CODE
Sherman Oaks, CA  91403      Los Angeles

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

NAME      TELEPHONE NUMBER (Include Area Code)
EAGLE MOUNTAIN CASINO CORPORATION/JOSE VILLALOBOS      (559)788-6220
ADDRESS      DFEH USE ONLY
P.O. Box 1659
CITY/STATE/ZIP      COUNTY      COUNTY CODE
Porterville, CA  93258      Tulare

NO. OF EMPLOYEES/MEMBERS (if known)    DATE MOST RECENT OR CONTINUING DISCRIMINATION    RESPONDENT CODE
500+    TOOK PLACE (month, day, and year) 10/19/04 and continuing

THE PARTICULARS ARE:

On 8/26/04 and continuing  I was  X  fired    X  denied employment    ___ denied family or medical leave

       ___ laid off     ___ denied promotion     ___ denied pregnancy leave

       ___ demoted     ___ denied transfer     ___ denied equal pay

       X  harassed     ___ denied accommodation     ___ denied right to wear pants

       ___ genetic characteristics testing     ___ impermissible non-job-related inquiry     ___ denied pregnancy accommodation

       ___ forced to quit     X  other (specify)  retaliated against;discriminated against

by STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.Table Games
     Name of Person      Job Title (supervisor/manager/personnel director/etc.)

because of my:   X  sex    ___ national origin/ancestry    ___ physical disability    ___ cancer    X (Circle one) filing;

           ___ age    ___ marital status    ___ mental disability    ___ genetic characteristic    (protesting, participating in

           ___ religion    ___ sexual orientation             investigation) retaliation for)

           ___ race/color    ___ association    ___ other (specify) _____

the reason given by STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.TableGames
       Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]

I was disruptive,I was sexually harassed and complained and I was further harassed,discriminated against,retaliated against and then terminated.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 10/14/04               _____
                                 COMPLAINANT'S SIGNATURE

At Sherman Oaks, CA
       City

DATE FILED: Received 10/14/05      COPY      Legal Solutions

DFEH-300-03 (01/05)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING      STATE OF CALIFORNIA

STATE OF CALIFORNIA · STATE AND CONSUMER SERVICES AGENCY                                                 ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500, Los Angeles, CA 90017
(213) 439-6700 (800) 700-2320 Fax (213) 439-6715



October 20, 2005

Marcus A. Mancini
Attorney At Law
Mancini & Associates
15303 Ventura Blvd., Ste 600
Sherman Oaks, CA 91403

RE: E200506S0613-00-rsc
    <u>RUELAS/EAGLE MOUNTAIN CASINO CORPORATION</u>

Dear Marcus A. Mancini:

# NOTICE TO COMPLAINANT'S ATTORNEY

Enclosed is a copy of your client's complaint of discrimination filed with the Department of Fair Employment and Housing on 10/14/2005 pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also enclosed is a copy of your client's Notice of Case Closure, which constitutes your client's right-to-sue notice.

Please note that under Government Code section 12962, you are responsible for **service of the complaint** on respondent(s). You should also enclose a copy of the Notice of Case Closure along with the complaint. These documents must be served within **60 days** of the filing date of the complaint. Government Code section 12962(b) further provides that complaints must be served either personally or by certified mail with return receipt requested.

For additional information, please read the enclosed Notice of Case Closure that explains the conditions for filing a private lawsuit in the State of California.

Sincerely,

Lottie Woodruff
District Administrator

Enclosure:   Complaint of Discrimination
             Notice of Case Closure

DFEH-200-06 (01/05)

Document2

# EMPLOYMENT

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E 200506 S-0613-00-rsc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| HERLINDA RUELAS | (818) 783-5757 |

ADDRESS
c/o Mancini & Associates  15303 Ventura Boulevard  Suite 600

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sherman Oaks, CA  91403 | Los Angeles | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| EAGLE MOUNTAIN CASINO CORPORATION/JOSE VILLALOBOS | (559) 788-6220 |

ADDRESS
P.O. Box 1659

DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Porterville, CA  93258 | Tulare | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year) | RESPONDENT CODE |
|---|---|---|
| 500+ | 10/19/04 and continuing | |

THE PARTICULARS ARE:

On 8/26/04 and continuing I was  X fired

| | | |
|---|---|---|
| X fired | X denied employment | ___ denied family or medical leave |
| ___ laid off | ___ denied promotion | ___ denied pregnancy leave |
| ___ demoted | ___ denied transfer | ___ denied equal pay |
| X harassed | ___ denied accommodation | ___ denied right to wear pants |
| ___ genetic characteristics testing | ___ impermissible non-job-related inquiry | ___ denied pregnancy accommodation |
| ___ forced to quit | X other (specify) retaliated against;discriminated against |

by STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.Table Games
Name of Person        Job Title (supervisor/manager/personnel director/etc.)

because of my:  X sex   ___ national origin/ancestry   ___ physical disability   ___ cancer   X (Circle one) filing;
___ age   ___ marital status   ___ mental disability   ___ genetic characteristic   (protesting; participating in investigation, retaliation for)
___ religion   ___ sexual orientation
___ race/color   ___ association   ___ other (specify) _____

the reason given by STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.TableGames
Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]  I was disruptive.I was sexually harassed and complained and I was further harassed,discriminated against,retaliated against and then terminated.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 10/14/04

At Sherman Oaks, CA
City

COMPLAINANT'S SIGNATURE

RECEIVED

DATE FILED: October 14, 2005   OCT 1 4 2005
DEPT. OF FAIR EMPLOYMENT AND HOUSING

Legal Solutions Ca Plus

STATE OF CALIFORNIA
LS:DFEH1

**\*\* EMPLOYMENT \*\***

**COMPLAINT OF DISCRIMINATION UNDER THE PROVISIONS OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E 200506 S-0613-00-rsc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (INCLUDE AREA CODE) |
|---|---|
| HERLINDA RUELAS | (818)783-5757 |

ADDRESS
c/o Mancini & Associates  15303 Ventura Boulevard  Suite 600

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Sherman Oaks, CA  91403 | Los Angeles | |

NAMED IS THE EMPLOYER, PERSON, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, OR STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME:

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| EAGLE MOUNTAIN CASINO CORPORATION/JOSE VILLALOBOS | (559)788-6220 |

ADDRESS
P.O. Box 1659                                                    DFEH USE ONLY

| CITY/STATE/ZIP | COUNTY | COUNTY CODE |
|---|---|---|
| Porterville, CA  93258 | Tulare | |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION | RESPONDENT CODE |
|---|---|---|
| 500+ | TOOK PLACE (month, day, and year) 10/19/04 and continuing | |

THE PARTICULARS ARE:

On 8/26/04 and continuing I was

| | | |
|---|---|---|
| X fired | X denied employment | ___ denied family or medical leave |
| ___ laid off | ___ denied promotion | ___ denied pregnancy leave |
| ___ demoted | ___ denied transfer | ___ denied equal pay |
| X harassed | ___ denied accommodation | ___ denied right to wear pants |
| ___ genetic characteristics testing | ___ impermissible non-job-related inquiry | ___ denied pregnancy accommodation |
| ___ forced to quit | X other (specify) retaliated against;discriminated against |  |

by STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.Table Games

Name of Person    Job Title (supervisor/manager/personnel director/etc.)

because of my:

| | | | |
|---|---|---|---|
| X sex | ___ national origin/ancestry | ___ physical disability | ___ cancer |
| ___ age | ___ marital status | ___ mental disability | ___ genetic characteristic |
| ___ religion | ___ sexual orientation | | |
| ___ race/color | ___ association | ___ other (specify) | |

X (Circle one) filing; protesting, participating in investigation (retaliation for)

the reason given by STEPHANIE GIBSON,H.R.Director;CLINT GIBSON,Table Game Manager;JUANA FOCKET,Ass.Mngr.TableGames

Name of Person and Job Title

Was because of [please state what you believe to be reason(s)]
I was disruptive.I was sexually harassed and complained and I was further harassed,discriminated against,retaliated against and then terminated.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide a right-to-sue notice. I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of the DFEH "Notice of Case Closure," or within 300 days of the alleged discriminatory act, whichever is earlier.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been closed on the basis of "Complainant Elected Court Action."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct of my own knowledge except as to matters stated on my information and belief, and as to those matters I believe it to be true.

Dated 10/14/04

At Sherman Oaks, CA
City

RECEIVED

COMPLAINANT'S SIGNATURE

DATE FILED: October 14, 2005   OCT 1 4 2005

DEPT. OF FAIR EMPLOYMENT
AND HOUSING

Legal Solutions CA Plus

STATE OF CALIFORNIA

LS-DFEH



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
611 West Sixth Street, Suite 1500 ,Los Angeles, CA 90017
(213) 439-6700 (800) 700-2320 Fax (213) 439-6715

October 20, 2005

Marcus A. Mancini
Attorney At Law
Mancini & Associates
15303 Ventura Blvd., Ste 600
Sherman Oaks, CA 91403

RE:   E200506S0613-00-rsc
RUELAS/EAGLE MOUNTAIN CASINO CORPORATION

Dear Marcus A. Mancini:

## NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 14, 2005 because an immediate right-to-sue notice was requested.  DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice.  According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint.  The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two


The Department of Fair Employment and Housing does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,



Lottie Woodruff
District Administrator


cc:    Case File


Stephanie Gibson
Human Resources Director
EAGLE MOUNTAIN CASINO CORPORATION
P.O. Box 1659
Porterville, CA  93258

DFEH-200-43 (04/03)

Exhibit "B"

ON FIRST AMENDED
COMPLAINT

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EAGLE MOUNTAIN CASINO; EAGLE MOUNTAIN CASINO
CORPORATION; JOSE VILLALOBOS; and DOES 1 through 100,
Inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HERLINDA RUELAS,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>TULARE COUNTY SUPERIOR COURT<br>COUNTY CIVIC CENTER<br>221 MOONEY BOULEVARD<br>VISALIA, CA 93291 | CASE NUMBER:<br>*(Número del Caso):* 05-216554 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus A. Mancini, Esq.                          (818) 783-5757 (818) 783-7710
MANCINI AND ASSOCIATES
15303 Ventura Boulevard, Suite 600
Sherman Oaks, California 91403

DATE: DEC 07 2004                    Clerk, by  LaRayne Clerk                    , Deputy
*(Fecha)*                            *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010)*.)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Eagle Mountain Casino Corporation

under: ☒ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

JAN-16-2006  10:54                5597814610                98%                P.04

COMPLAINT **(CITACION JUDICIAL)** SUMMONS

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EAGLE MOUNTAIN CASINO; EAGLE MOUNTAIN CASINO
CORPORATION; JOSE VILLALOBOS; and DOES 1 through 100,
Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
HERLINDA RUELAS,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
TULARE COUNTY SUPERIOR COURT
COUNTY CIVIC CENTER
221 MOONEY BOULEVARD
VISALIA, CA 93291

CASE NUMBER:
*(Número del Caso):* 05-216554

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Marcus A. Mancini, Esq.                                         (818) 783-5757  (818) 783-7710
MANCINI AND ASSOCIATES
15303 Ventura Boulevard, Suite 600
Sherman Oaks, California 91403

DATE:                                               Clerk, by **LaRayne Cisek**                    , Deputy
*(Fecha)*                                           *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Eagle Mountain Casino

under: ☑ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 465