**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **HELINDA RUELAS,** | CV F 06-125 AWI DLB |
| Plaintiffs, | ORDER REMANDING CASE TO TULARE COUNTY SUPERIOR COURT, DENYING AS MOOT DEFENDANTS'S MOTION TO DISMISS, and VACATING HEARING OF MARCH 20, 2006 |
| v. | |
| **EAGLE MOUNTAIN CASINO, EAGLE MOUNTAIN CASINO CORP., JOSE VILLALOBOS, and DOES 1 through 100, inclusive,** | |
| Defendants. | |

On February 5, 2006, Defendants removed this case from the Superior Court of Tulare County on the basis of a 28 U.S.C. § 1441(b). On February 10, 2006, Defendants moved for dismissal with prejudice on the basis of tribal immunity. It is unnecessary to reach Defendants's motion because the court has determined that it lacks subject matter jurisdiction over this case. Accordingly, the Court will remand this case back to the Superior Court of Tulare County.

## NOTICE OF REMOVAL

Defendants's notice of removal states that this Court has original jurisdiction under 28 U.S.C. § 1331 and that removal is appropriate under 28 U.S.C. § 1441(b) because the case involves an issue of federal law as to the sovereign immunity of a federally recognized Indian Tribe and its agents, council and employees acting within the scope of their authority.

Defendants cite *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998) for the proposition that, as a matter of federal law, tribes are subject to suit only where Congress authorizes the suit or the tribe has waived immunity. Defendants allege in the notice of removal that Eagle Mountain Casino and Eagle Mountain Casino Corp. are not separate entities and that Eagle Mountain Casino is simply the name under which the Tule River Tribal Council does business. The notice of removal also attaches copies of the summonses, the complaint, and the first amended complaint.

## PLAINTIFF'S COMPLAINT

In her original and first amended complaints, Plaintiff alleges only two causes of action: (1) sexual harassment, retaliation, and discrimination in violation of California Government Code § 12940, i.e. the California Fair Employment and Housing Act ("FEHA"); and (2) retaliation and wrongful termination in violation of the public policy embodied in FEHA.[1]

## LEGAL STANDARD

28 U.S.C. § 1441(b) reads in relevant part: "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). If there is any doubt as to the right of removal in the first instance, "federal jurisdiction must be rejected." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus v. Miles, Inc., 980 F. 2d 564, 566 (9th Cir. 1992).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal

---

[1] FEHA may serve as the policy basis for the California common law tort cause of action of wrongful termination in violation of public policy. Diaz v. Federal Express Corp., 373 F.Supp.2d 1034, 1065 (C.D. Cal. 2005).

question is presented on the face of the plaintiff's properly pleaded complaint." California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); Duncan, 76 F.3d at 1485. Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." California, 215 U.S. at 1014. "A defense is not part of a plaintiff's pleaded statement of his or her own claim." Dynegy, 375 F.3d at 838. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002). "In addition, the plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." Duncan, 76 F.3d at 1485. However, the "artful pleading doctrine is a corollary to the well-pleaded complaint rule, and provides that although the plaintiff is the master of his own pleadings, he may not avoid federal jurisdiction by omitting form the complaint allegations of federal law that are essential to the establishment of his claim." Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1041 (9th Cir. 2003).

"If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). "Thus, the court can, in fact must, dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has a filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995). In other words, a district court may remand a removed case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case.

daw                                    3

See Parker v. Ho Sports Co., 2005 U.S. Dist. LEXIS 37289 at *1 (E.D. Cal. 2005); Knutson v. Allis-Chalmers Corp., 358 F. Supp. 2d 983, 990 (D. Nev. 2005); Tortola Restaurants, L.P. v. Kimberly-Clark Corp., 987 F. Supp. 1186, 1188 (N.D. Cal. 1997); cf. Kelton Arms Condo. Homeowners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192-93 (9th Cir. 2003) (holding that a court may not *sua sponte* remand for procedural defects in removal but noting a distinction between procedural and jurisdictional defects and that a "district court must remand if it lacks jurisdiction").

### DISCUSSION

Here, the only basis for jurisdiction identified in the notice of removal is the presence of a federal question. A review of the complaints, however, shows that Plaintiff is alleging only two causes of action and those causes of action are pursuant to California statutory and common law. There is no federal cause of action alleged. The complaints show that Plaintiff is relying exclusively on California law and no federal question is apparent from the complaints.

However, Defendants further identify that a federal issue is present because of the question of the Defendant's tribal immunity. It is true that, "Suits against Indian tribes are ... barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe, 498 U.S. 505, 509 (1991); Snow v. Quinault Indian Nation, 709 F.2d 1319, 1321 (9th Cir. 1983). This immunity applies in both federal and state courts. See Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978); Puyallup Tribe, Inc. v. Department of Game of Washington, 433 U.S. 165, 171-73 (1977); Snow, 709 F.2d at 1321; United States v. Oregon, 657 F.2d 1009, 1012-13 (9th Cir. 1981). Nevertheless, the Supreme Court has specifically held that the defense of tribal immunity does not itself present a federal question sufficient to overcome the well-pleaded complaint rule. Oklahoma Tax Comm'n v. Graham, 489 U.S. 838, 840-42 (1989); Wiener v. Wampanoag Aquinnah Shellfish Hatchery Corp., 223 F. Supp.2d 346, 350 (D. Mass. 2002); see also Ninigret Dev. Corp. v. Narragansett Indian Wetuomuck Hous. Auth., 207 F.3d 21, 28 (1st Cir. 2000).

daw                                              4

"Tribal immunity may provide a federal defense . . . But it has long been settled that the existence of federal immunity to the claims asserted does not convert a suit otherwise arising under state law into one which, in the statutory sense, arises under federal law." Graham, 489 U.S. at 841; Wiener, 223 F.Supp.2d at 350.  Further, federal question jurisdiction will not arise merely because "one of the parties to a dispute is an Indian tribe."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1077 (9th Cir. 1990).  That Defendants may have a valid defense of tribal sovereign immunity will not convert Plaintiff's well-pleaded California law claims into federal questions.  Graham, 489 U.S. at 840-42; Caterpillar, 482 U.S. at 392.

Because the defense of tribal sovereign immunity is insufficient to create federal question jurisdiction, and because no federal question appears within Plaintiff's first amended complaint (or original complaint), Defendants's notice of removal does not show that removal was appropriate as the papers do not show that this Court has jurisdiction over this matter.  Thus, this Court must *sua sponte* remand this case to the Tulare County Superior Court since this Court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c); Waddell & Reed, 360 F.3d at 967; Parker, 2005 U.S. Dist. LEXIS 37289 at *1; Knutson, 358 F. Supp.2d at 990.

Accordingly, IT IS HEREBY ORDERED that:

1. This case is REMANDED to the Tulare County Superior Court;
2. Defendants's Motion to Dismiss is DENIED as moot; and
3. The March 20, 2006, hearing on the Motion to Dismiss is VACATED.

IT IS SO ORDERED.

**Dated:   March 1, 2006**              /s/ Anthony W. Ishii
0m8i78                                            UNITED STATES DISTRICT JUDGE